IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Terrick Louis Hoover*
Case No. 3:08-cr-00123-TMB-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Terrick Louis Hoover's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion").[1] Hoover requests that his sentence on revocation of supervised release be reduced to time-served and that he be released to home confinement as a condition of supervised release.[2] The United States filed a Response Opposing the Motion ("Opposition").[3] The Motion is now ripe for resolution. For the reasons discussed below, the Motion is **DENIED**.

On August 29, 2009, Hoover pleaded guilty to charges of drug trafficking conspiracy and being a felon in possession of a firearm.[4] He was sentenced to 90 months of imprisonment and five years of supervised release.[5] Hoover was released from custody and placed on federal supervision in May 2015.[6] However, shortly thereafter, Hoover was arrested and convicted of state criminal offenses, so his federal supervised release was revoked.[7] Hoover was sentenced to another 21 months in federal custody, consecutive to his sentence in the state case.[8] Hoover completed his state custodial sentence on March 11, 2020.[9] He has approximately four months of time credit toward his federal revocation sentence.[10]

In the Motion, Hoover explains that he has been in constructive federal custody since March 11, 2020, but he has not been transported to a Bureau of Prisons ("BOP") facility due to the coronavirus pandemic ("COVID-19").[11] In the meantime, Hoover remains at Anchorage

---

[1] Dkt. 315 (Motion).
[2] *Id.* at 1.
[3] Dkt. 320 (Opposition).
[4] Dkts. 133 (Minute Entry); *see* 2 (Indictment).
[5] *Id.*
[6] *See* Dkt. 315 at 3.
[7] Dkt. 302 (Judgment on Revocation).
[8] *Id.* at 2.
[9] Dkt. 315-6 at 3 (Time Accounting Record).
[10] Dkt. 315-8 at 3 (Inmate Data).
[11] Dkt. 315 at 7.

1

Correctional Complex and has not received formal BOP classification or designation.[12] BOP calculates Hoover's release date to be May 27, 2021.[13]

Hoover argues that he should be considered for a time-served sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) because COVID-19 presents "extraordinary and compelling reasons" for compassionate release.[14] The Government opposes Hoover's release because he has not identified any medical conditions that would exacerbate his risks of COVID-19 in order to compel his release.[15]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[16] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[17] The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. §1B1.13. The policy statement provides that "extraordinary and compelling reasons" may exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[18] Furthermore, U.S.S.G. §1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

As a threshold matter, Hoover has not exhausted his administrative remedies. Hoover acknowledges that §3582(c)(1)(A) imposes an exhaustion requirement but argues that he should be excused from it: "Because he is housed in a non-BOP facility Mr. Hoover has no means of seeking compassionate release through the Bureau of Prisons. He therefore cannot comply with the exhaustion requirement."[19] The Government concedes this point.[20] However, courts in this Circuit have required defendants in non-BOP facilities to at least notify BOP in an attempt to pursue administrative remedies before the court can determine that exhaustion is futile.[21] This Court has held that it is "without authority to consider the merits of claims for compassionate release until a defendant has exhausted all available administrative rights to appeal."[22] Here,

---

[12] *Id.*
[13] *Id.*
[14] *Id.* at 9–20.
[15] Dkt. 320 at 12.
[16] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[17] 18 U.S.C. § 3582(c)(1).
[18] U.S.S.G. §1B1.13
[19] Dkt. 315 at 6–8.
[20] Dkt. 320 at 10.
[21] *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash Mar. 31, 2020); *United States v. Dailey*, No. 2:13-cr-00118 KJM, 2020 WL 2195926, at *3 (E.D. Cal. May 6, 2020).
[22] *United States v. Strain*, No. 3:97-cr-00004-TMB, 2020 WL 1977114, at *2 (D. Ak. Apr. 24, 2020).

Hoover does not claim that he has even attempted to contact BOP regarding his possible release options. Therefore, he has not exhausted his administrative remedies and the Motion must be denied.

Notwithstanding the lack of exhaustion, Hoover's Motion is based solely on the risks of COVID-19 and it does not present "extraordinary and compelling reasons" that conform with the U.S.S.G. policy statements. Hoover does not allege he is currently suffering from a medical condition and this Court has previously held that the generalized risks of COVID-19 do not independently justify compassionate release.[23] Because Hoover does not appear to be eligible for compassionate release under § 3582(c)(1)(A)(i), the Court does not reach the § 3553(a) factors or whether Hoover would be a danger to community upon release.

Accordingly, the Motion at Docket 315 is **DENIED** without prejudice.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 13, 2020

---

[23] *United States v. Numann*, No. 3:16-cr-00025-TMB, 2020 WL 1977117, at *3 (D. Ak. Apr. 24, 2020).