IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TERRICK LOUIS HOOVER,<br><br>　　　　Defendant. | Case No. 3:08-cr-00123-TMB-SAO<br><br>**FINAL REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PETITION TO REVOKE SUPERVISED RELEASE [Dkt. 322]** |

<u>Procedural Posture and Facts</u>

In consideration of this matter, this court recommends adoption of the following relevant facts:

United States Probation Officer (USPO) Allie J. Abbott filed a Petition to Revoke Supervised Release on March 16, 2022. The Petition alleges two violations of defendant's release conditions based on state charges of Driving Under the Influence on March 15, 2022. Initial appearance on the Petition was conducted on March 31, 2022, and the court accepted several status reports indicating no violations.

Defense counsel moved to dismiss the Petition to Revoke Supervised Release on November 9, 2022. The Assistant United States Attorney (AUSA) filed a response objecting to the dismissal of the Petition on November 10, 2022, and filed Supplemental Authority on November 22, 2022. Government argued that the Petition should remain in

place due to the defendant's criminal history, violations brought in past petitions, and that the District Court does not have the authority to dismiss the petition in this case. USPO Abbott stated that she recommended dismissal of the current Petition.

At hearing on November 22, 2022, USPO stated her request for dismissal was based on the defendant's conduct since March. She stated that he had successfully completed an outpatient substance abuse treatment program and was in complete compliance with the soberlink program (providing all negative breath tests), had maintained employment and his residence. In his personal life, he continued reuniting with his thirteen-year-old daughter and now serves as her sole caregiver. According to USPO Abbott, he also showed progress on the underlying state charges by resolving the case with a delayed remand set in January 2023 when he will serve approximately twenty-five days in jail.

USPO Abbott confirmed that the defendant has approximately eighteen months of supervised release remaining, which she believed would be sufficient to address the issues raised in the Petition. She stated that if this Petition went to final disposition, she would recommend no additional term of imprisonment, additional or modified terms of supervision, or even an extension of the supervised release to the court.

The factual averments in the AUSA's pleadings accurately describe the defendant's misconduct on supervision.

## Conclusions of Law

<u>This court believes the District Judge has the authority to grant dismissal of the Petition to Revoke Supervision as requested in the defense motion.</u>

*United States v. Terrick Louis Hoover*
Final R&R re Motion to Dismiss Petition to Revoke Supervised Release
Page 2
Case 3:08-cr-00123-TMB   Document 355   Filed 11/23/22   Page 2 of 4

Government cited the case of *United States v. Chavez-Tello*, 510 F.App'x 506, 507 (9th Cir. 2013) because it "found that the District Court does not have the legal authority to dismiss a petition absent a violation of the defendant's due process rights."[1] However, the facts of *Chavez-Tello* are distinguished from our case, as the defense's motion to dismiss in *Chavez-Tello* appears to have been raised after adjudication of the allegations and conclusion of the revocation proceedings.[2]

In our case, the defendant's guilt has not yet been adjudicated nor has any revocation hearing been conducted. The defendant entered a denial at the initial appearance and the petition has remained pending. The procedural posture of the case is significant considering application of the rules outlined in 18 USC § 3583 and FRCP 32.1. For this reason, this court declines to support a broad proposition that the District Court does not have the authority to dismiss a probation petition. Rather the District Court has the authority to dismiss such a petition prior to court having entered findings on the petition. Had the defense motion in our case been raised after the District Judge held the revocation hearing, then this court would likely recommend rejection of the defense's Motion to Dismiss. <u>Further, this court believes it should grant the requested dismissal of this petition.</u>

While the defendant has previously violated his release conditions and has a serious criminal history, he has made significant strides in his treatment and personal conduct. The continuation of his supervised release over the next eighteen months will provide him an

---

[1] Dkt. 353 citing *Chavez-Tello* at 507.
[2] "Moreover, the district court already had the statutory authority to remedy any injustice by declining to revoke his supervised release term after weighing the statutory factors. See § 3583(e)." *Chavez-Tello* at 508.

*United States v. Terrick Louis Hoover*
Final R&R re Motion to Dismiss Petition to Revoke Supervised Release
Page 3

opportunity to demonstrate to the court and community whether his family motivations will continue to deter further criminal conduct. Considering the additional statements and supervision by USPO Abbott, it appears that dismissing the Petition *without prejudice* is appropriate here.

## Conclusion

This court recommends adoption of the facts above and granting the defense motion dismissing the Petition to Revoke Supervised Release *without prejudice* at Docket 322.

Click or tap to enter a date.

DATED this 23nd of November 2022, at Fairbanks, Alaska.

*s/ Scott A. Oravec*
SCOTT A. ORAVEC
United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **seven (7) days** from the date of service of this Report and Recommendation. **Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.**

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).