# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Terrick Louis Hoover*
Case No. 3:08-cr-00123-TMB-SAO

By:               THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("R&R") of the United States Magistrate Judge, which recommends the Court grant Defendant Terrick Louis Hoover's Motion to Dismiss Petition to Revoke Supervised Release (the "Motion").[1] The United States filed an objection to the R&R.[2] After a *de novo* determination of the R&R,[3] and for the reasons discussed below, the Court **ACCEPTS AND ADOPTS** the R&R at Docket 355 **WITH MODIFICATION**.

### A. Motion to Dismiss

On August 27, 2009, Hoover pleaded guilty to two counts: (1) Drug Trafficking Conspiracy[4] and (2) Felon in Possession of a Firearm.[5] Hoover was sentenced to 90 months' imprisonment with five years of supervised release.[6] On March 16, 2022, United States Probation and Pretrial Services ("USPO") filed a Petition to Revoke Supervised Release (the "Petition") for Hoover, alleging two violations of his supervised release conditions based on state charges of Driving Under the Influence.[7] After Hoover's initial appearance on the Petition on March 31, 2022, the Court requested periodic status reports.[8] The parties have since filed two status reports, both indicating that Hoover has not committed any further violations.[9] On November 3, 2022, Hoover pleaded

---

[1] Dkt. 350 (Motion); Dkt. 355 (R&R).
[2] Dkt. 356 (Government Objection).
[3] 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the magistrate judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").
[4] 21 U.S.C. § 846, (b)(1)(B).
[5] 18 U.S.C. §§ 922(g)(1), 924(a)(2); Dkt. 123 (Plea Agreement); Dkt. 133 (Minute Entry); Dkt. 134 (Judgment).
[6] Dkt. 134.
[7] Dkt. 322 (Petition); Alaska State Superior Court Case 3AN-22-01890CR.
[8] Dkt. 337 (Minute Entry).
[9] Dkt. 345 (Status Report); Dkt. 348 (Status Report).

1

guilty to the underlying state charges and was sentenced to 25 days' incarceration and a $3,000 fine.[10]

Hoover moves to dismiss the Petition based on his seven months of compliance with supervised release.[11] Since March 31, 2022, Hoover "has complied with Soberlink and provided all negative breath tests."[12] In addition, "[h]e has completed an outpatient treatment program and remained employed."[13] Hoover notes that he has 18 months remaining on supervised release, with his term set to expire on May 26, 2024.[14] Hoover also contends that the Court is "not required to revoke supervision on a grade C violation" and because USPO is "recommending a dismissal of the [Petition] . . . the Court should defer to [USPO's] wisdom on how best to supervise [Hoover]."[15]

USPO recommends the Court dismiss the Petition based on Hoover's encouraging conduct since the March 2022 violations.[16] If the case were to go to final disposition, USPO is not seeking additional terms of imprisonment or conditions of supervised release, or even an extension of supervision.[17]

The United States ("the Government") opposes the Motion.[18] The Government initially took the position that USPO did not need the "United States Attorney's Office's permission to dismiss the petition," but argued that Court should not dismiss the Petition due to Hoover's "extensive history of failing to follow court-imposed conditions."[19] However, citing the unpublished Ninth Circuit case *United States v. Chavez-Tello*,[20] the Government contends in a supplemental filing that the Court may not dismiss the Petition because "the District Court does not have the legal authority to dismiss a petition absent a violation of the defendant's due process rights."[21]

### B. Final Report and Recommendation

The Magistrate Judge recommends the Court grant the Motion and dismiss the Petition at Docket 322, determining that: (1) "the District Judge has the authority to grant dismissal of the Petition to Revoke Supervision as requested in the defense['s] motion"; and (2) dismissal is appropriate because Hoover "has made significant strides in his treatment and personal conduct."[22]

---

[10] Dkt. 350 at 2 (Hoover's remand date was set for January 3, 2023).
[11] Dkt. 350.
[12] *Id.* at 1.
[13] *Id.*
[14] *Id.* at 2.
[15] *Id.* (citing U.S.S.G. § 7B1.3).
[16] Dkt. 354 (Minute Entry); *see also* Dkt. 355 at 2.
[17] Dkt. 355 at 2.
[18] Dkt. 351 (Opposition); Dkt. 353 (Supplemental Authority).
[19] Dkt. 351 at 1.
[20] *United States v. Chavez-Tello*, 510 F.App'x 506, 507 (9th Cir. 2013).
[21] Dkt. 353 at 1.
[22] *See generally* Dkt. 355.

First, the Magistrate Judge concludes that *Chavez-Tello* is inapplicable because its procedural facts are distinct from Hoover's circumstances. The R&R finds that "the defense's motion to dismiss in *Chavez-Tello* appears to have been raised after adjudication of the allegations and conclusion of the revocation proceedings."[23] Explaining that the "procedural posture of [Hoover's] case is significant considering application of the rules outlined in 18 USC § 3583 and FRCP 32.1," the Magistrate Judge concludes that "the District Court has the authority to dismiss . . . a [revocation] petition prior to court having entered findings on the petition."[24]

Second, the Magistrate Judge finds that, although Hoover "has previously violated his release conditions and has a serious criminal history, he has made significant strides in his treatment and personal conduct."[25] Further, the continuation of Hoover's supervision over the next eighteen months provides sufficient time to address the issues raised in the Petition.[26] For these reasons, the Magistrate Judge recommends the Petition be dismissed without prejudice.[27]

### C. Objections

The Government objects to the R&R on the basis that the Magistrate Judge erred in finding a material distinction between the procedural facts of *Chavez-Tello* and those in this case.[28] The Government argues that "Chavez-Tello was in the exact same procedural posture as Hoover. That is, he attempted to have his petition dismissed *before* he entered admissions."[29] The Government argues that because there is no "material and compelling difference" between the two cases, the Court should deny the Motion and set the case for disposition.[30]

### D. Discussion

Having conducted a *de novo* review of the R&R, the Government's objection, and relevant portions of the record, the Court concludes that it would be inappropriate to deny the Motion. As a result, the Court **ACCEPTS AND ADOPTS** the R&R **WITH MODIFICATION**, on three bases: (1) *Chavez-Tello* is not binding; (2) USPO recommends dismissal of the Petition; and (3) the compelling interests of judicial economy.

First, because *Chavez-Tello* is an unpublished disposition, it is not precedent that the Court must follow.[31] Second, Chavez-Tello filed a motion to dismiss based on amendments to the United

---

[23] Dkt. 355 at 3; *Chavez-Tello*, 510 F.App'x at 508 ("Moreover, the district court already had the statutory authority to remedy any injustice by declining to revoke his supervised release term after weighing the statutory factors. See § 3583(e)."
[24] Dkt. 355 at 3.
[25] *Id.*
[26] Dkt. 355 at 3–4.
[27] Dkt. 356.
[28] *Id.* at 2.
[29] Dkt. 356 (citing *United States v. Chavez-Tello*, 3:10-CR-2463 S.D. Cal., Docket Numbers 37, 43, 44, and 46).
[30] *Id.* at 2.
[31] *See* Fed. R. App. P. 32.1; 9th Cir. R. 36-3.

3

States Sentencing Guideline § 5D1.1(c), which the district court denied because these amendments "were not retroactive and . . . Chavez-Tello was sentenced before they took effect."[32] As such, the district court "found that it had no authority to dismiss the proceedings."[33]

The Ninth Circuit held that the "district court correctly determined that it did not have legal authority to dismiss the revocation proceedings *under these circumstances*."[34] First, the Ninth Circuit concluded that 18 U.S.C. § 3583(e) did not "give the [district] court the discretionary authority to simply dismiss revocation proceedings at any time as Chavez-Tello urges."[35] Second, the court held that a "district court's inherent powers to dismiss a prosecution are typically limited to situations where a defendant's rights have been violated or where the integrity of judicial proceedings has otherwise been compromised," which was not the case as "Chavez-Tello [had] not alleged any prosecutorial misconduct or other violations of his rights."[36]

Under these principles, the Ninth Circuit recognized that "the district court already had the statutory authority to remedy any injustice by declining to revoke [a defendant's] supervised release term after weighing the applicable statutory factors."[37] "Given the availability of this 'lesser remedial action . . . the district court lacked the authority to dismiss revocation proceedings pursuant to its supervisory powers under these circumstances."[38]

As a threshold matter, the Court agrees with the Government that *Chavez-Tello* and *Hoover* appear to share a similar procedural posture; both defendants sought to dismiss their petitions to revoke supervised release after their initial appearances but before a disposition hearing.[39] Nevertheless, this procedural similarity does not foreclose the Court's ability to distinguish Chavez-Tello's case from Hoover's.

For example, Chavez-Tello unilaterally moved for dismissal, which the district court denied because his motion lacked legal justification; the *Chavez-Tello* record does not reflect that USPO supported Chavez-Tello's motion to dismiss. In contrast, Hoover moves to dismiss the Petition with USPO's full support and based upon his compliance with his release terms.[40] USPO's recommendation that the Court dismiss the Petition, corroborating Hoover's position, distinguishes this case from the circumstances in *Chavez-Tello*.

---

[32] *Chavez-Tello*, 510 F.App'x at 507.
[33] *Id.*
[34] *Id.* at 508 (emphasis added).
[35] *Id.*
[36] *Id.* (citing *United States v. Miller*, 4 F.3d 792, 795 (9th Cir. 2008) ("A court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice and where no lesser remedial action is available.")).
[37] *Id.* at 508.
[38] *Id.*
[39] *E.g.*, Dkt. 356 (citing *United States v. Chavez-Tello*, 3:10-CR-2463 S.D. Cal., Docket No. 37, 43, 44, and 46).
[40] *E.g.*, Dkt. 350 at 2; Dkt. 354; *see also* Dkt. 355 at 2.

Third, the interests of judicial economy would be best served by granting the Motion. After reviewing the relevant briefing and the record, the Court concludes that Hoover's supervised release should not be revoked or altered at this time. Because Hoover has complied with his supervised release conditions since March 2022 and USPO also recommends the Petition's dismissal, the Court declines the Government's suggestion that it must deny the Motion only to later leave Hoover's supervised release terms unaltered at a future disposition hearing. The Court therefore **ACCEPTS and ADOPTS** the R&R **WITH MODIFICATION** in accordance with the rationale set forth in this Order.

*E. Conclusion*

The Court concludes that the Government's objection does not merit rejection of the R&R and **ACCEPTS and ADOPTS** the R&R **WITH MODIFICATION** in accordance with this Order's foregoing reasoning. Consequently, the Motion at Docket 350 is **GRANTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: January 13, 2023.